ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| REH COMPANY, LLC<br>*Petitioner*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br>*Respondent*. | Nos. 24-1310, 24-1311 &<br>25-1180 |

**RESPONDENT'S COMBINED
MOTION TO DISMISS CASES 24-1310 AND 24-1311, AND
OPPOSITION TO PETITIONER'S MOTION TO LIFT ABEYANCE AND
CONSOLIDATE**

Petitioner's motion to lift the abeyances in two old cases (24-1310 and 24-1311) and consolidate them with its new petition (25-1180) is a futile effort to resuscitate two moot cases. As explained below, the new petition challenges a new, separate agency action that supersedes the actions challenged in the old cases, and there is no legal basis to keep the old cases open. Accordingly, Respondent U.S. Environmental Protection Agency (EPA) opposes Petitioner's motion and moves to dismiss cases 24-1310 and 24-1311 on mootness grounds. Petitioner opposes this motion. Because there is no longer a live case or controversy in cases 24-1310 and 24-1311, the Court should grant EPA's motion to dismiss and deny Petitioner's motion to consolidate.

1

## BACKGROUND

All three of Petitioner's cases involve Petitioner's request for a small refinery exemption of its 2018 obligations under the Clean Air Act's Renewable Fuel Standard (RFS) program, which governs annual target volumes of renewable fuels for blending into transportation fuel. 42 U.S.C. § 7545(o)(2)(B). Under that program, a qualifying small refinery may petition EPA for an exemption from its RFS obligations based on "disproportionate economic hardship" to the small refinery. *See Id*. § 7545(o)(9).

Petitioner submitted a small refinery exemption petition to EPA in 2018 seeking an exemption for Sinclair Wyoming Refinery's 2018 RFS obligations (Petitioner's SRE petition). As relevant here, EPA issued a decision denying that petition in 2019 (2019 Decision), which was challenged in this Court (Case No. 19-1196) and remanded without vacatur for the agency to consider the effects of intervening case law. *See Sinclair v. EPA*, Order of Dec. 8, 2021 (D.C. Cir. No. 19-1196) (*Sinclair I*) (allowing EPA up to 120 days to issue a new action on remand). In 2021, EPA issued a new and superseding decision on Petitioner's SRE petition, which was vacated by the Tenth Circuit. *See Sinclair Wyo. Ref. Co. v. EPA*, Order of May 19, 2021 (10th Cir. No. 21-9528) (*Sinclair II*). In 2022, EPA issued a third decision on the Petitioner's SRE petition, which was vacated by this Court. *See Sinclair I*, EPA's Notice of Action on Remand (Dkt. No. 1942291); *Sinclair Wyo.*

*Refin. Co. v. EPA*, 114 F.4th 693 (D.C. Cir. 2024) (*Sinclair III*).

Following this Court's decision in *Sinclair III*, Petitioner filed cases 24-1310 and 24-1311 again challenging EPA's 2019 Decision, this time purportedly on after-arising grounds. *See* 42 U.S.C. § 7607(b)(1). In case 24-1310, Petitioner directly challenges the 2019 Decision as inconsistent with the Court's decision in *Sinclair III*. *See* Dkt. No. 2076648 (Case No. 24-1310). In case 24-1311, Petitioner challenges a then-still-unresolved administrative petition for reconsideration of the 2019 Decision, likewise asserting the 2019 Decision is inconsistent with *Sinclair III*. *See* Dkt. No. 2076886 (Case No. 24-1311). Those cases have been in abeyance since shortly after their filing.

On August 22, 2025, EPA issued a new and superseding decision on Petitioner's SRE petition, along with decisions on the petitions of several other small refineries. *See* August 2025 Decisions on Petitions for RFS Small Refinery Exemptions, https://www.epa.gov/system/files/documents/2025-08/420r25010.pdf; 90 Fed. Reg. 41829 (Aug. 27, 2025) (August 2025 Decisions); *see also id.* at 28 & n.143 (noting that the August 2025 Decisions include adjudication of the "2018 [small refinery exemption] petitions that were initially denied in the [2019 Decision] and also remanded to EPA without vacatur by the D.C. Circuit in December 2021"). In the August 2025 Decisions, EPA developed and used an approach for evaluating small refinery exemption petitions consistent with this

Court's decision in *Sinclair III* and other recent caselaw. *See id.* at 8-19.

Petitioner has sought judicial review of the August 2025 Decisions in this Court in case 25-1180. Several other small refineries have also petitioned for judicial review of EPA's August 2025 Decisions, and their petitions are currently consolidated with Petitioner's petition in case 25-1180.

Instead of dismissing its superseded 2019 Decision petitions in cases 24-1310 and 24-1311, Petitioner seeks instead to have those dead cases removed from abeyance and consolidated with the cases challenging the new August 2025 Decisions. *See* Pet's Mot. to Lift Abeyance & Consol. at 1. But as explained below, the Court lacks jurisdiction to grant that request.

## ARGUMENT

Because the August 2025 Decisions superseded the 2019 Decision, there is no longer a live case or controversy regarding the action challenged in cases 24-1310 or 24-1311. Cases 24-1310 and 24-1311 are thus moot and must be dismissed for lack of subject-matter jurisdiction. Petitioner's proposed consolidation of cases 24-1310 and 1311 with its new petition in case 25-1180 cannot revive the moot cases.

The Court has subject-matter jurisdiction over only live cases and controversies. *Akiachak Native Cmty. v. Dept. of Interior*, 827 F.3d 100, 105 (D.C. Cir. 2016). Though a case may present a live case or controversy when originally

4

filed, the Court "must dismiss a case as moot 'if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Chamber of Com. v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (internal quotation marks omitted)). The Court has recognized that "[c]orrective action by an agency is one type of subsequent development that can moot a previously justiciable issue." *Nat. Res. Def. Council v. U.S. Nuclear Regul. Comm'n*, 680 F.2d 810, 814 (D.C. Cir. 1982).

Here, EPA's August 2025 Decisions supersede the 2019 Decision challenged in cases 24-1310 and 24-1311. As noted above, the August 2025 Decisions completely re-decided all aspects of Petitioner's SRE petition underlying the 2019 Decision. There is thus no longer any live case or controversy for the Court to resolve as to the 2019 Decision. *See id.*

If Petitioner has outstanding grievances with how EPA decided Petitioner's SRE petition in the August 2025 Decisions, Petitioner's challenge to that new agency action in case 25-1180 is the *only* proper vehicle for its grievances. *See Akiachak Native Cmty*, 827 F.3d at 113-14 (explaining that if a new agency regulation is contrary to a litigant's position, that party may avoid mootness concerns by challenging the new regulation). Petitioner cannot continue to litigate its claims in cases 24-1310 and 24-1311 now that the Court has lost jurisdiction.

5

Ignoring that cases 24-1310 and 24-1311 are moot, Petitioner insists that consolidation of these old cases with its new case is appropriate because (1) all three cases "involve regulatory exemptions for the same small refinery based on related issues and similar facts;" and (2) consolidation "'achieve[s] the most efficient uses of the Court's resources' and also 'maintains consistency in its decisions.'" *See* Pet's Mot. to Lift Abeyance & Consol. at 6 (quoting D.C. Cir. Handbook of Internal Practice & Procedures V.A at 23) (alteration in original). Notably, Petitioner does not explain what live "related issues" exist in the two 2024 cases regarding EPA's superseded decisions that could warrant revival and consolidation of those cases with its challenge to the August 2025 Decisions. Nor does Petitioner explain how consolidation of these matters is appropriate given that they involve *different* final agency actions that reached *different* conclusions on *different* administrative records. *See id.* (acknowledging that "there is a different administrative record in each case").

Regardless, none of Petitioner's arguments can cure the jurisdictional infirmities in cases 24-1310 and 24-1311. While cases involving the same, similar, and related *live* issues may be appropriate for consolidation, dismissal—not consolidation—is appropriate once a case becomes moot. *Cf. Akiachak Native Cmty*, 827 F.3d at 114-15 ("But no matter how important an issue, courts may not decide cases over which they have no Article III jurisdiction."). Indeed,

6

consolidation is only an efficient use of the Court's resources if the Court can otherwise decide the cases. *Contra* Pet's Mot. to Lift Abeyance & Consol. at 6 ("[C]onsolidating the three cases would allow the same three-judge panel to consider and resolve the related issues in all three cases at the same time."). Here, because this Court lacks jurisdiction over cases 24-1310 and 24-1311, it cannot. Dismissal is therefore required.

## CONCLUSION

For these reasons, the Court should deny Petitioner's Motion to Lift Abeyance and Consolidate, and instead grant EPA's Motion to Dismiss Cases 24-1310 and 24-1311.

Dated: October 20, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
  *Acting Assistant Attorney General*

 */s/ Miranda M. Jensen*
MIRANDA M. JENSEN
BRYAN J. HARRISON
JEFFREY HUGHES
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3071
miranda.jensen@usdoj.gov

7

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) & Local Rule 27(c) because it contains 1358 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).  The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

*/s/ Miranda M. Jensen*
Miranda M. Jensen

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2025, I electronically filed the foregoing in the above-referenced cases using the Court's CM/ECF system. The participants in these cases are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Miranda M. Jensen*
Miranda M. Jensen